**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICKEON GENE WASHINGTON,

      Petitioner,

v.                                 Case No. 12-14554

PAUL KLEE,

      Respondent.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE**

This is a habeas corpus petition filed by a state prisoner.  Petitioner is
incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan.  Petitioner
was convicted after a bench trial in the Wayne Circuit Court of third-degree fleeing and
eluding, Mich. Comp. Laws § 750.602(3)(a); carrying a concealed weapon, Mich. Comp.
Laws § 750.227; felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and
possessing a firearm during the commission of a felony.  Mich. Comp. Laws § 750.227b.
The trial court sentenced him as a fourth habitual felony offender to a mandatory five-
year prison term for the felony-firearm conviction and five years probation on each of
the other convictions.  The petition claims that: (1) insufficient evidence was presented
at trial to support Petitioner's convictions; (2) Petitioner was denied the effective
assistance of appellate counsel; and (3) the trial judge was biased.   For the reasons set
forth below, the court will dismiss the petition without prejudice.

Upon the filing of a habeas corpus petition, the court must promptly examine the
petition to determine "[i]f it plainly appears from the petition and any attached exhibits

that the petitioner is not entitled to relief . . . ."  Rule 4, Rules Governing Section 2254 Cases.  If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").  Petitioner's application for habeas relief contains only unexhausted claims; therefore, the petition will be dismissed.

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust the remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275–77 (1971).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987).  Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

2

Petitioner has not exhausted his state court remedies with respect to his second and third claims.  Petitioner alleges that his appellate counsel only raised the sufficiency of the evidence claim in the Michigan Court of Appeals.  Petitioner claims that he wanted his appellate counsel to raise his judicial bias claim as well in a supplemental brief, but counsel failed to do so.  Petitioner asserts that after the Michigan Court of Appeals affirmed his conviction, he filed all three of his habeas claims in the Michigan Supreme Court.  The Michigan Supreme Court denied leave to appeal on July 24, 2012. *People v. Washington*, 492 Mich. 856 (2012) (table).

The fact that Petitioner raised his second and third habeas claims for the first time in the Michigan Supreme Court was insufficient to exhaust those claims. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation."  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Applying *Castille*, the Sixth Circuit has recognized that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court.  *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir. 2009).

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner has at least one available procedure by which to raise the issues he has presented in this application.  He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.*  Under Michigan law, one such motion may be filed after August 1, 1995.  Mich. Ct. R. 6.502(G)(1).  Petitioner has not yet filed his one

3

allotted motion.  Therefore, the court concludes that he has at least one available state remedy.

Because Petitioner has one claim that is exhausted and two that are not, his petition is "mixed."  Under *Rose v. Lundy*, district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies.  455 U.S. 509, 522 (1982).  However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, see 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review.  This is particularly true after the Supreme Court ruled in *Duncan v. Walker* that the limitations period is not tolled during the pendency of a federal habeas petition.  533 U.S. 167, 181–82 (2001).  As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court.  *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Supreme Court denied his application July 24, 2012.  Petitioner did not petition for

4

*certiorari* to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on October 23, 2012. Accordingly, the statute of limitations has just recently begun running in Petitioner's case. Therefore, there is no cause to stay the petition and hold the case in abeyance.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Id.* at 484–85.

5

In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the court denies a certificate of appealability.  Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

        s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated:  October 29, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 29, 2012, by electronic and/or ordinary mail.

        s/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\12-14554.WASHINGTON.Habeas.Dismiss.wpd